The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  2:18-cr-00277-RAJ |
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| JEFFREY ZIRKLE, | |
| Defendant. | |

This matter comes before the Court on Defendant Jeffrey Zirkle's motion for compassionate release.  Dkt. 58.  Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Zirkle is a 57-year-old inmate currently detained at Federal Correctional Institution Sheridan, with a projected release date of July 18, 2021.  On November 16, 2018, he pled guilty to Conspiracy to Commit Wire Fraud in violation of Title 18, United States Code, Section 371.  Dkt. 15.  On April 23, 2019, Mr. Zirkle was sentenced by this Court to 28 months of imprisonment, to be followed by three years of supervised release. Dkt. 46.  He now moves for compassionate release arguing that he presents extraordinary and compelling reasons for the Court to reduce his sentence to time served.

## II. DISCUSSION

### A.      Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13.  The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  USSG § 1B1.13 cmt. n.1.  The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take.  USSC § 1B1.13 cmt. n.4.

Mr. Zirkle's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."  As relevant to Mr. Zirkle's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction;

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

### B.    Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Zirkle's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).  Mr. Zirkle indicates that on September 11, 2020, he submitted a request to the acting warden of FCI Sheridan for compassionate release, which request was denied.  On September 30, 2020, Mr. Zirkle submitted a second communication to the acting warden requesting compassionate release, which was received by the warden on October 6, 2020.  This request was denied as duplicative. Dkt. 60, Ex. A.  Based on the evidence presented, the Court finds the statutorily required 30-day period has expired, and Mr. Zirkle's motion is properly before the Court.

**C.    Extraordinary and Compelling Circumstances.**

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Zirkle's term of imprisonment.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

The policy statement referenced in § 3582(c)(1) was promulgated by the Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C. § 994. That statute provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at Section 1B1.13 of the United States Sentencing Guidelines. That statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>  (4) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2019).

In the commentary, the Commission goes on to explain what constitutes "extraordinary and compelling reasons" to support a reduction in sentence.  Specifically,

ORDER - 4

Application Note 1 provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 cmt.n.1.

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Zirkle bears the burden to show "extraordinary and compelling reasons" that meet the directives set by Congress and the Sentencing Commission for compassionate release to be granted.  *See Riley v. United States,* C19-1522 JLR 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020); *United States v. Greenhut,* No. 2:18-CR-00048, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020.

Mr. Zirkle argues that his age, his hypertension, and weight, combined with his assigned prison job and inability to practice the necessary social distancing, present a risk he will contract coronavirus-19 (COVID-19) and suffer severe complications should he become infected.  He argues that given the few months remaining on his sentence, these risks present extraordinary and compelling reasons to reduce his sentence.  Dkt. 58.

The government argues that, at 57 years old, while he might be more at risk than younger people, Mr. Zirkle's age does not present an extraordinary or compelling circumstance which would provide a basis for the Court to grant his release.  Dkt. 65.

The government indicates that while Mr. Zirkle does have a history of hypertension, his recent blood pressure readings place him below the hypertensive range. Even so, as the Centers for Disease Control and Prevention (CDC) has not identified hypertension as an actual COVID-19 risk factor, but instead only as a "possible" risk factor, the government argues this condition does not constitute an extraordinary or compelling circumstance.  Dkt. 65.

As it relates to Mr. Zirkle's weight, the government sets forth that the CDC has identified obesity as a COVID-19 risk factor, but with a body mass index (BMI) of 25.4,

Mr. Zirkle is not obese but rather is considered overweight, which the CDC lists only as a "possible" risk factor.  Dkt. 65.

Last, responding to Mr. Zirkle's concerns relating to his job changing ventilation filters at FCI Sheridan and his contention it places him at increased risk of contracting COVID-19, the government provides evidence that Mr. Zirkle has been relieved of this particular task (Dkt. 65, Ex. B) and that any challenges to his work assignments must be handled administratively.  Dkt. 65.

As to the later point, the government provided documentation clearly indicating that the Bureau of Prisons (BOP) has relieved Mr. Zirkle of his filter changing job assignment.  Dkt. 65, Ex. B.  Mr. Zirkle did not challenge this assertion in his reply.  The Court will thus treat this issue as moot and no longer a basis for Mr. Zirkle's motion for compassionate release.

The Court next turns to Mr. Zirkle's claim regarding hypertension.  This medical condition as reflected on the submitted BOP medical records strongly suggest he is on medications for this condition and it appears to be controlled as of the date of this order.  These same records reflect that the BOP has adjusted this medication when appropriate and monitored his readings where appropriate.  There is no evidence that the BOP's methodology of treatment is inadequate or putting Mr. Zirkle at a greater risk for COVID-19 infection.  While Mr. Zirkle's blood pressure readings have fluctuated, his condition has been monitored by the BOP and there is no indication that any course of treatment beyond that provided has been recommended.  The Court does not dispute that current CDC guidelines indicate that high blood pressure can damage your arteries by making them less elastic, which decreases the flow of blood and oxygen to the heart. Dkt. 69, p. 3.  But the Court does not find that the evidence before this Court supports Mr. Zirkle's claim that his record of readings or treatment warrant an extraordinary and compelling reason for release.

Mr. Zirkle cites this Court's *Locke* decision in his reply (Dkt. 69, p. 4) as supportive of his claim for relief.  To be clear, this case presents nowhere near the

ORDER - 6

severity of health concerns.  Mr. Locke was plagued with various health conditions far exceeding anything Mr. Zirkle suffers.  These conditions included severe obesity (BMI above 40), the most severe case of sleep apnea his physician had seen, Type II diabetes which had been difficult to control, and chronic kidney disease to name a few.  *United States v. Locke*, 2:18-cr-132-RAJ, Dkt. 803.

Mr. Zirkle additionally contends that his weight should serve as the basis for a compassionate release finding.  The Court disagrees.  At best, Mr. Zirkle argues that because he is overweight, the CDC has indicated that this may "possibly" increase the risk of severe illness from COVID-19.  The Court has reviewed Mr. Zirkle's medical history as filed and does not find any particular aspects of his health or treatment that his overweight condition would warrant compassionate release or a finding that he has presented extraordinary and compelling reasons to justify early release.

The Court comes to the same conclusion regarding Mr. Zirkle's age.  He has presented nothing remarkable about his age or the combination of his age and other noted conditions to warrant early release.

### D.  Safety of Others

The Court next turns to whether Mr. Zirkle presents a danger to the safety of any other person or to the community.  *See* U.S.S.G. §1B1.13(2).  In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community.  18 U.S.C. §3142(g).  The Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Mr. Zirkle argues he is not a danger to the safety of any other person or the community given that his only conviction is for this one non-violent offense.  He cites the trust he earned during his time on pretrial release, which included the Court allowing him to travel out of the country and return for sentencing, his lack of disciplinary record while

incarcerated, and his efforts to avail himself of educational opportunities while in prison. Dkt. 58.  Mr. Zirkle highlights his solid family support, his plan to marry his fiancée, and his strong prospects for employment opportunities following his release.  Dkts. 60 and 62.

The government did not provide any argument to challenge Mr. Zirkle's assertion that he is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142 (g).  The Court agrees with Mr. Zirkle on this point.  However, since the Court is denying the motion for compassionate release, the Court need not analyze whether he presents a danger or safety risk.

**E.  Other 18 U.S.C. § 3553(a) Factors**

The Court is denying Mr. Zirkle's basis for compassionate relief and thus concludes there is no need to address the Title 18 U.S.C. § 3553(a) factors.

### III.  CONCLUSION

For the foregoing reasons, Defendant Jeffrey Zirkle's motion for compassionate release is **DENIED**.

DATED this 17th day of February, 2021.

The Honorable Richard A. Jones
United States District Judge